PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AGAPITO GUZMÁN, Defendant and Appellant.

No. 6783. Argued December 14, 1937.—Decided January 11, 1938.

*José Veray, Jr.* and *E. González Mena* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a case of carrying prohibited weapons. The defendant was convicted in the municipal court of Aguadilla and then, on appeal, in the district court. He insists that he ought to be discharged for the reason that the evidence adduced by the prosecution is insufficient through failure to seize the weapon, and for the additional reason that such evidence is contradictory.

The three witnesses offered by the prosecuting attorney testified unequivocally that the defendant went to the house of Juan Hernández in the Ward Voladoras in Moca and there asked to talk with Hernández'. The daughter was called, and Guzmán demanded that she yield to him, and, when she refused to submit, took out a revolver, opened it, loaded it, and said, as reported by the daughter, "that he was running things there, that if I went into the room and hid myself, he would make love to me right there, because he was a man." Several persons, among them José Méndez, intervened and took the defendant home. Defendant was found to be drunk.

It cannot be held that the evidence was insufficient solely on the ground that the weapon was not seized. The evidence

446

in such case ought to be clear and convincing, since the judge must rely on what the witnesses saw, but, if they merit his full credit, he may on their testimony base a conclusion as to what the defendant carried—in this case a revolver—and conclude that it was in fact carried. *People* v. *Julián*, 18 P.R.R. 905; *People* v. *Nieves,* 35 P.R.R. 49; *People* v. *Scott,* 36 P.R.R. 721.

■ Similarly, it is unnecessary for the witness to be a mechanic, a soldier, a dealer, or an expert in firearms to know that another in plain sight has a revolver in his hands. It is sufficient that the witness show that he knows what a revolver is, particularly if the person carrying the weapon opens it and loads it, as in this case, in his presence.

■ Likewise, merely because attention is called to some contradiction or other in the evidence for the prosecution, as here where one of the witnesses for the prosecution said that he had gone to dine at Hernández' house, a statement which was not corroborated by Hernández' daughter, it does not necessarily follow that the whole of the evidence must be deemed untrustworthy, when such evidence is in substance consistent, clear, and convincing.

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.